# UNITED STATES BANKRUPTCY COURT
## DISTRICT OF CONNECTICUT
## BRIDGEPORT DIVISION

| | |
|---|---|
| IN RE:<br>HO WAN KWOK, et al.,<br>*Debtors.*[1] | Chapter 11<br>Case No. 22-50073 (JAM)<br>(Jointly Administered) |
| LUC A. DESPINS, CHAPTER 11 TRUSTEE<br>*Plaintiff,*<br>—v.—<br>BOIES SCHILLER FLEXNER LLP,<br>*Defendant.* | Adv. Proc. No. 24-05313<br><br>May 30, 2025 |

**DEFENDANT'S ANSWER AND AFFIRMATIVE DEFENSES
TO ADVERSARY COMPLAINT AND DEMAND FOR TRIAL BY JURY**

Defendant, Boies Schiller Flexner LLP ("Defendant"), answers the complaint filed by Luc A. Despins, Chapter 11 Trustee (the "Trustee") on August 30, 2024, ECF No. 1 (the "Complaint"), and asserts its affirmative defenses to the claims alleged therein, as follows:

**NATURE OF ACTION**

1. Paragraph 1 states a legal conclusion, as to which no response is required. Defendant therefore leaves the Trustee to his proof. To the extent a response is required, Defendant denies the factual allegations of this paragraph.

---

[1] The Debtors in the main Chapter 11 case are Ho Wan Kwok (also known as Guo Wengui, Miles Guo, and Miles Kwok) (last four digits of tax identification number: 9595), Genever Holdings LLC (last four digits of tax identification number: 8202), and Genever Holdings Corporation. The mailing address for the Trustee, Genever Holdings LLC, and the Genever Holdings Corporation is Paul Hastings LLP, 200 Park Avenue, New York, NY 10166 c/o Luc A. Despins, as Trustee for the Estate of Ho Wan Kwok.

{00415436.6}

2. Defendant admits that Defendant received $653,837.93 from Golden Spring (New York) Ltd. ("Golden Spring") prior to the Petition Date.[2] Defendant denies that it was the initial transferee. As to the remaining allegations in Paragraph 2, Defendant lacks sufficient knowledge or information to form a belief and therefore leaves the Trustee to his proof and denies the same.

3. Paragraph 3 states a legal conclusion, as to which no response is required. Defendant therefore leaves the Trustee to his proof. To the extent a response is required, Defendant denies the factual allegations of this paragraph.

## JURISDICTION AND VENUE

4. Paragraph 4 states a legal conclusion, as to which no response is required. Defendant therefore leaves the Trustee to his proof. To the extent a response is required, Defendant denies the factual allegations of this paragraph

5. Paragraph 5 states a legal conclusion, as to which no response is required. Defendant therefore leaves the Trustee to his proof. To the extent a response is required, Defendant denies the factual allegations of this paragraph.

6. Paragraph 6 states a legal conclusion, as to which no response is required. Defendant therefore leaves the Trustee to his proof. To the extent a response is required, Defendant denies the factual allegations of this paragraph.

## THE PARTIES

7. Admitted.

8. Admitted.

## FACTS

9. Admitted.

---

[2] Capitalized terms used herein that are not otherwise defined shall have the meaning ascribed to such terms in the Trustee's Complaint.

10. Admitted.

11. The first sentence of Paragraph 11 refers to a document that speaks for itself and, therefore, Defendant leaves the Trustee to his proof and denies the same. The balance of Paragraph 11 states legal conclusions, as to which no response is required. Defendant therefore leaves the Trustee to his proof. To the extent a response is required, Defendant denies the factual allegations of this paragraph.

12. Admitted.

13. Paragraph 13 refers to a document that speaks for itself and therefore, Defendant leaves the Trustee to his proof and denies the same. Defendant denies that the cited judgment has any legal effect as to Defendant in this adversary proceeding. Further, the purported incorporation by reference of the Trustee's complaint filed in the Golden Spring A.P. violates Fed. R. Civ. P. 10 and, therefore, no response is required to this portion of the allegations contained in paragraph 13. To the extent a response is required concerning the incorporation of the Golden Spring A.P. complaint, the Defendant lacks sufficient information or knowledge to form a belief as to the truth of the matters asserted, and, therefore, leaves the Trustee to his proof and denies the same. As to the balance of the allegations contained in paragraph 13, Defendant lacks sufficient information or knowledge to form a belief, and therefore, Defendant leaves the Trustee to his proof and denies the same.

14. Defendant lacks sufficient knowledge or information to form a belief as to the allegations in paragraph 14 and therefore leaves the Trustee to his proof and denies the same.

15. Admitted that the Trustee has commenced a number of adversary proceedings in the Chapter 11 Case. As to the remaining allegations in Paragraph 15, Defendant lacks sufficient

knowledge or information to form a belief and therefore leaves the Trustee to his proof and denies the same.

16. Paragraph 16 refers to documents that speak for themselves and therefore, Defendant leaves the Trustee to his proof and denies the same. Defendant denies that any of the cited judgments have any legal effect as to Defendant in this adversary proceeding. Defendant therefore leaves the Trustee to his proof. To the extent a response is required, Defendant denies the factual allegations of this paragraph.

17. Paragraph 17 refers to a document that speaks for itself and therefore, Defendant leaves the Trustee to his proof and denies the same. Defendant denies that any of the findings alleged have any legal effect as to Defendant in this adversary proceeding. Defendant therefore leaves the Trustee to his proof. To the extent a response is required, Defendant denies the factual allegations of this paragraph.

18. Paragraph 18 refers to a document that speaks for itself and therefore, Defendant leaves the Trustee to his proof and denies the same. Defendant denies that any of the findings alleged have any legal effect as to Defendant in this adversary proceeding. Defendant therefore leaves the Trustee to his proof. To the extent a response is required, Defendant denies the factual allegations of this paragraph.

19. Paragraph 19 refers to a document that speaks for itself and therefore, Defendant leaves the Trustee to his proof and denies the same. Defendant denies that any of the findings alleged have any legal effect as to Defendant in this adversary proceeding. Defendant therefore leaves the Trustee to his proof. To the extent a response is required, Defendant denies the factual allegations of this paragraph.

20. As to the first sentence in Paragraph 20, Defendant lacks sufficient knowledge or information to form a belief and therefore leaves the Trustee to his proof and denies the same. Paragraph 20 refers to a document that speaks for itself and therefore, Defendant leaves the Trustee to his proof and denies the same. As to the allegations concerning the conduct of PAX and the Debtor, Defendant lacks sufficient knowledge or information to form a belief as to the truth of the matters asserted and therefore leaves the Trustee to his proof and denies the same.

21. Defendant lacks sufficient knowledge or information to form a belief as to the allegations in paragraph 21 and therefore leaves the Trustee to his proof and denies the same.

22. Paragraph 22 refers to a document that speaks for itself and therefore, Defendant leaves the Trustee to his proof and denies the same. To the extent a response is required, Defendant denies the factual allegations of this paragraph.

23. Defendant lacks sufficient knowledge or information to form a belief as to the allegations in paragraph 23 and therefore leaves the Trustee to his proof and denies the same.

24. Paragraph 24 refers to a document that speaks for itself and therefore, Defendant leaves the Trustee to his proof and denies the same. To the extent a response is required, Defendant denies the factual allegations of this paragraph.

25. Denied.

26. Defendant lacks sufficient knowledge or information to form a belief as to the allegations in paragraph 26 and therefore leaves the Trustee to his proof and denies the same.

27. Denied.

28. Defendant lacks sufficient knowledge or information to form a belief as to the allegations in paragraph 28 and therefore leaves the Trustee to his proof and denies the same.

29. Defendant lacks sufficient knowledge or information to form a belief as to the allegations in paragraph 29 and therefore leaves the Trustee to his proof and denies the same.

30. Defendant lacks sufficient knowledge or information to form a belief as to the allegations in paragraph 30 concerning the Debtor's state of mind and therefore leaves the Trustee to his proof and denies the same. Defendant denies the remaining allegations contained in paragraph 30.

31. Defendant lacks sufficient knowledge or information to form a belief as to the allegations in paragraph 31 and therefore leaves the Trustee to his proof and denies the same.

32. Defendant admits that the Defendant is a law firm the Debtor engaged to represent him with respect to various legal proceedings. The Defendant admits that the transfer of funds to Defendant was ordered pursuant to an arbitration award for services Defendant provided Debtor with respect to various cases. Defendant lacks sufficient knowledge or information to form a belief as to the remaining allegations in paragraph 32 and therefore leaves the Trustee to his proof and denies the same.

33. Defendant admits Defendant received payment through Golden Spring. Defendant denies the remaining allegations in paragraph 33.

34. Defendant admits that prior to the Petition Date, Defendant received a payment from Golden Spring for legal fees that Debtor had been ordered to pay. Defendant denies that Golden Spring was a shell company and denies that remainder of the allegations in paragraph 34.

35. Defendant lacks sufficient knowledge or information to form a belief as to the allegations in paragraph 35 and therefore leaves the Trustee to his proof and denies the same.

36. Denied.

## FIRST CLAIM

37. Defendant repeats and realleges its response to paragraphs 1-36, inclusive, as if fully set forth herein.

38. Denied.

39. Denied.

    a. Denied.

    b. Denied.

    c. Denied.

    d. Denied.

    e. Denied.

    f. Defendant lacks sufficient knowledge or information to form a belief as to the allegations in paragraph 39 (f) and therefore leaves the Trustee to his proof and denies the same.

    g. Defendant lacks sufficient knowledge or information to form a belief as to the allegations in paragraph 39 (f) and therefore leaves the Trustee to his proof and denies the same.

40. Denied.

## FIRST AFFIRMATIVE DEFENSE

The Trustee's Adversary Complaint fails to state a claim upon which relief can be granted pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, as incorporated by Rule 7012 of the Federal Rules of Bankruptcy Procedure.

## SECOND AFFIRMATIVE DEFENSE

The Trustee's Complaint is barred by the applicable statute of limitations.

## THIRD AFFIRMATIVE DEFENSE

To the extent that any transfers alleged constitute a transfer of an interest of the Debtor, the Defendant is entitled to a right to retain an interest in the asset transferred, enforcement of the obligation, or a reduction in the amount of liability on the judgment to the extent the Defendant was a good-faith transferee or obligee within the meaning of N.Y. Debt. & Cred. Law § 277.

## FOURTH AFFIRMATIVE DEFENSE

The claims against the Defendant are barred in that none of the payments alleged in the Complaint constitute a transfer of an interest in property of the Debtor.

## FIFTH AFFIRMATIVE DEFENSE

The claims against the Defendant are barred in accordance with 11 U.S.C. § 550 in that the Defendant is not a party from which the Trustee can seek relief.

## SIXTH AFFIRMATIVE DEFENSE

The Trustee's claims are barred because the Debtor suffered no damage, injury, or otherwise was harmed as a result of the transfers.

## SEVENTH AFFIRMATIVE DEFENSE

The Trustee's claims are barred by the doctrines of waiver, release, equitable estoppel, and/or judicial estoppel.

## EIGHTH AFFIRMATIVE DEFENSE

The Trustee's claims are barred by ratification.

## NINTH AFFIRMATIVE DEFENSE

The Trustee's claims are barred by the doctrine of *in pari delicto*.

## TENTH AFFIRMATIVE DEFENSE

The Trustee's claims are barred by the doctrine of unclean hands.

**ELEVENTH AFFIRMATIVE DEFENSE**

The Trustee's claims are barred because any recover would constitute unjust enrichment.

**TWELFTH AFFIRMATIVE DEFENSE**

The Trustee's claims are barred under the doctrine of laches.

**THIRTEENTH AFFIRMATIVE DEFENSE**

To the extent the Court finds that the Defendant is liable to the Trustee, the Defendant is entitled to set-off for any and all amounts owed by the Debtor (or the Debtor's alter egos) to the Defendant.

**FOURTEENTH AFFIRMATIVE DEFENSE**

Plaintiff lacks standing to bring this adversary proceeding.

**FIFTEENTH AFFIRMATIVE DEFENSE**

To the extent that any transfers alleged constitute a transfer of an interest of the Debtor, the Defendant was a mere conduit of certain transfer and, therefore, such transfers are not recoverable from the Defendant.

**SIXTEENTH AFFIRMATIVE DEFENSE**

The Defendant reserves the right to supplement the responses set forth herein and/or assert other defenses, claims and/or setoff and recoupment rights to the allegations set forth in the Complaint to the extent additional information is discovered through further investigation, the discovery process and/or otherwise.

**SEVENTEENTH AFFIRMATIVE DEFENSE**

The Bankruptcy Court lacks subject matter jurisdiction over this matter.

**WHEREFORE**, the Defendant requests the Court dismiss this action with prejudice, award the costs of this action, and enter such other relief as is just and proper.

## JURY DEMAND

Pursuant to Fed. R. Civ. P. 38, Defendant hereby claims the right to trial by jury in this matter and demands the same.

DEFENDANT:
BOIES SCHILLER FLEXNER LLP

By: */s/ Michelle A. Antao*
Jeffrey M. Sklarz (ct20938)
Kellianne Baranowsky (ct26684)
Michelle A. Antao (ct31715)
Green & Sklarz LLC
One Audubon Street
Third Floor
New Haven, Connecticut 06511
(203) 361-3842
jsklarz@gs-lawfirm.com
kbaranowsky@gs-lawfirm.com
mantao@gs-lawfirm.com
*Counsel for the Defendant*

**CERTIFICATE OF SERVICE**

I hereby certify that on the date set forth below, a copy of the foregoing was served via CM/ECF. Parties may access this filing through the Court's CM/ECF system.

Date:  May 30, 2025                                    /s/ Michelle A. Antao